UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONE MCCULLOUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00544-SEB-MG |
| | ) |
| DOWNS, | ) |
| KOENIG, | ) |
| CHRISTINA CONYERS, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING THE COMPLAINT AND DIRECTING SERVICE OF PROCESS**

Antone McCullough, a prisoner at Pendleton Correctional Facility, brings this lawsuit alleging violations of his civil rights. Because Mr. McCullough is a prisoner, the Court must screen his complaint before directing service on the defendants.

**I.**
**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE COMPLAINT

The complaint names the following defendants: (1) Ofc. Downs; (2) Ofc. Koenig; and (3) Christina Conyers. (Docket Entry 2). Mr. McCullough seeks compensatory damages and injunctive relief. (*Id.* at 5).

The complaint makes the following allegations. On August 20, 2022, Ofc. Downs sprayed Mr. McCullough's genitals with pepper spray after he told her, "[A]nd you wonder why people throw feces on y'all." (*Id.* at 3). After Mr. McCullough took a decontamination shower, Ofc. Koenig physically assaulted him by placing excessively tight restraints on him, pulling his hair, and pinning his wrists against a cuff port with a restraint lead. (*Id.* at 3-4). Mr. McCullough asked for medical assistance, but his request was denied. (*Id.* at 4).

Mr. McCullough submitted a grievance complaining about Ofc. Koenig, but Ms. Conyers returned the grievance on the grounds that "the issue was addressed." (*Id.*). Mr. McCullough submitted a second grievance reiterating his complaints about Ofc. Koenig and a third grievance complaining that Ms. Conyers had rendered the grievance process unavailable. (*Id.*). Ms. Conyers returned both grievances. (*Id.*).

## III.
### Discussion

Applying the screening standard to the allegations set forth in the complaint, the Court finds that some claims are dismissed and other claims shall proceed.

### A. Claims that are Dismissed

#### 1. Grievance Process

Mr. McCullough claims that Ms. Conyers violated his constitutional rights by obstructing his access to the grievance process.

"[T]he Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened." *Garness v. Wis . Dep 't of Corr.*, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Similarly, interference with the grievance process or failing to follow the prison's grievance policy does not violate the Constitution. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). The upshot is that inmates do not have to exhaust administrative remedies rendered unavailable by prison officials. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting.").

Ms. Conyers did not violate Mr. McCullough's constitutional rights by allegedly obstructing his access to the grievance process. Accordingly, this claim against Ms. Conyers is **dismissed**.

### 2. Retaliation

Mr. McCullough claims that Ofc. Downs retaliated against him in violation of the First Amendment by spraying his genitals with pepper spray after Mr. McCullough said, "[A]nd you wonder why people throw feces on y'all."

To establish a *prima facie* case of unlawful retaliation, a plaintiff must show "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Douglass v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020). These basic elements are the same whether the plaintiff is a prisoner, a public employee, or any other person alleging that a government official targeted protected activity. *Id.*

The complaint does not state a claim for retaliation because Mr. McCullough's statement to Ofc. Downs was not protected First Amendment activity. The Court finds apt the Seventh Circuit's reasoning in an analogous case involving a prisoner's confrontational oral complaint to a prison official:

> We conclude that the confrontational, disorderly manner in which Watkins complained about the treatment of his personal property removed this grievance from First Amendment protection. Watkins did not confine himself to a formal, written grievance or a courteous, oral conversation with Kasper about the placement of his legal materials. Instead, he confronted Kasper face-to-face in the library, presumably within earshot of other prisoners, using a loud voice and active hand gestures, prompting Kasper to file a conduct report for intimidation. See *id.* (observing that the prisoner went beyond internal grievance procedures to a "public rebuke" of a prison official). The confrontational approach that Watkins used to make his grievance was inconsistent with the legitimate penological interest of prison discipline and order.

*Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (reversing jury verdict in favor of prisoner); *see also Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) (affirming dismissal of prisoner's

complaint for failure to state a claim because "backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected.").

Accordingly, Mr. McCullough's First Amendment claim against Ofc. Downs is **dismissed**.

### B. Claims that Shall Proceed

Mr. McCullough's Eighth Amendment excessive force claims **shall proceed** against Ofc. Downs and Ofc. Koenig in their individual capacities based on the allegations set forth in the complaint.

This summary includes all viable claims identified by the Court. If Mr. McCullough believes the complaint contains additional viable claims, he may file a notice identifying those claims within **21 days of the issuance of this Order**.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Ofc. Downs and Ofc. Koenig in the manner specified by Rule 4(d). Process shall consist of the complaint, [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

The **clerk is directed** to terminate Christina Conyers as a defendant on the docket.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Date: 6/14/2023

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTONE MCCULLOUGH
127898
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to the following IDOC employees at Pendleton Correctional Facility

    Ofc. Downs
    Ofc. Koenig